Randall J. Colbert
Peter J. Arant
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rjcolbert@garlington.com
pjarant@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANDREA WOOD,<br><br>                Plaintiff,<br><br>      v.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP LLC, and DOES 1-50,<br><br>                Defendants. | Cause No.<br><br>COMPLAINT AND JURY DEMAND |

The Plaintiff, Andrea Wood, for her Complaint against Defendant, Preferred Contractors Insurance Company Risk Retention Group LLC, hereby states and alleges as follows:

**PARTIES**

1.     Plaintiff Andrea Wood ("Wood") is, and at all times mentioned in this

1566767                                                                                                                       1

Complaint was, an individual residing in Contra Costa County, California.

2. Defendant Preferred Contractors Insurance Company Risk Retention Group LLC ("PCIC") is a limited liability company organized under the laws of the State of Montana and operating as an insurer pursuant to a Certificate of Authority issued by the Montana Department of Insurance.

3. Doe Defendants are individuals and/or entities unknown to Plaintiff who may share legal responsibility, in whole or in part, for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

4. Wood brings her complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount exceeds $75,000.

5. Venue is proper with this Court under 28 U.S.C. § 1391(b)(3) as Defendant is subject to personal jurisdiction in any District in Montana and the events giving rise to this action occurred in California.

## FACTUAL ALLEGATIONS

6. PCIC is a domestic insurance company under Title 33 of Montana law and is licensed to do business in California and Montana.

7. At all times relevant hereto, PCIC advertised insurance coverage for general contractors, including on its internet webpage.

8. Agents of PCIC are authorized to market and sell its coverage for

general contractors in various states, including in California.

9. Gabriel Curiel, individually and doing business as Curiel Construction ("Curiel") is a general contractor engaged in the business of providing construction services in California.

10. Among other liability policies, PCIC issued to Curiel a Commercial General Liability Policy identified as Policy No. PC5025-PCA64451, effective October 31, 2009 through December 21, 2009 (the "Policy").

11. In or about August 2009, Wood and Curiel entered into a written agreement whereby Curiel agreed to perform home improvements and remodel construction work on Wood's home, located at 40 Hilldale Court, Orinda, Contra Costa County, California (the "Property").

12. At all times relevant hereto, Curiel was acting as the general contractor for the construction project and was responsible for all aspects of the project.

13. Curiel negligently completed work on the construction project in violation of the agreement, industry standards, and/or the California Building Codes.

14. The work contained defects which include, among other things, improper weatherproofing, pipe and vent connections which leaked, accidental damage to structural elements of the Property, and a cracked shower pan, some or all of which resulted in property damage to Wood's home, including loss of use of

the Property.

15. The work was performed and property damage resulted from the negligent acts at various and different times, including from October 2009 through December 2009, after which the project was abandoned by Curiel.

16. On December 27, 2010, Wood filed a Complaint in the Contra Costa County Superior Court entitled *Andrea Wood* v. *Gabriel Curiel, individually and dba Curiel Construction, et al.,* Case No. C-10-03690 (the "Action") alleging, in part, that Curiel's negligent construction work on the Property was defective and caused resultant property damage to the Property (the "Claims").

17. Thereafter on June 27, 2012, Curiel timely and duly tendered the defense of the underlying Action to its liability insurer, PCIC.

18. The Policy issued to Curiel by PCIC was in effect and provided coverage to Curiel from October 31, 2009 through December 21, 2009.

19. As alleged in the underlying Action, this was the same timeframe that Curiel was working on the project and, thus, when some of the negligent acts may have taken place and when some of the property damage to the Wood's Property may have occurred.

20. On August 9, 2012, through its agent, Network Adjusters, Inc., PCIC denied coverage under the Policy purchased by Curiel and refused to defend the Action.

21. PCIC's denial of coverage and its duty to defend under the Policy, as

stated in the August 9, 2012 denial letter, was based solely on one reason - that the no occurrence resulting in property damage took place during the policy period.

    22.    The denial letter stated, in part, as follows:

> In regards to PCIC policy PC5025-PCA64451, please be advised that there is no coverage due to the fact that there is no occurrence or property damage during the policy period.
>
> ____
>
> Please be advised that PCIC will not participate in the defense or indemnity of Curiel Construction.

    23.    PCIC denied coverage, including its duty to defend, without an adequate or proper investigation.

    24.    After PCIC's denial of its duty to defend, on or about March 6, 2013, Wood and Curiel entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") whereby Curiel agreed to pay to Wood the amount of $17,500 and stipulated to judgment against him in the Action in the amount of $175,000.

    25.    On or about April 26, 2013, the Court entered Judgment against Curiel in the Action in the amount of $175,000 (the "Judgment").

    26.    Pursuant to the terms of the Settlement Agreement, Curiel assigned to Wood all of his rights and benefits that were available under any and all policies of insurance, known or unknown at the time of the execution of the Settlement Agreement, including but not limited to all rights under the Policy.

27. On or about November 1, 2013, Wood, through the written assignment of claims from Curiel, filed a complaint against PCIC in the Superior Court of the State of California, County of Contra Costa, Case No. C-13-02317. The complaint asserted claims against PCIC for its failure to defend and indemnify Curiel under applicable insurance policies and for PCIC's breach of the implied covenant of good faith and fair dealing.

28. In the foregoing coverage action, PCIC brought a motion to dismiss the complaint due to improper venue because the subject insurance policy and/or policies contained an express jurisdiction and venue clause requiring the parties to litigate the case in the courts of Montana, pursuant to Montana law.

29. In its motion, PCIC further argued that Montana law must apply to all claims related to the Policy and related the handling of the claim.

30. On March 18, 2014, the Superior Court of the State of California, County of Contra Costa, dismissed the coverage action, Case No. C-13-02317, without prejudice.

31. To the date of this filing, PCIC has refused to provide coverage or a defense to Curiel for the claims asserted by Wood.

32. To the date of this filing, PCIC has not filed a declaratory judgment action for a determination with regard to its decision to deny coverage to Curiel for Wood's claims or to determine if it had a duty to defend the underlying Action.

## FIRST CAUSE OF ACTION
### Declaratory Judgment

33. Wood incorporates herein all prior statements and allegations, as set forth in the paragraphs above.

34. Curiel stands as a person interested under a written contract of insurance with PCIC whose rights, status or other legal relations are affected by contract. Wood, through an assignment from Curiel, seeks to have the Court determine a question of construction or validity of rights and obligations under the Policy that PCIC issued to Curiel, pursuant to Montana Code Annotated § 27-8-202.

35. Wood, individually and through an assignment from Curiel, seeks a determination that the Policy issued by PCIC to Curiel obligated PCIC to provide a defense to Curiel to Wood's claims, as set forth in the underlying Action.

## SECOND CAUSE OF ACTION
### Breach of Contract (Insurance Policy)

36. Wood incorporates herein all prior statements and allegations, as set forth in the paragraphs above.

37. PCIC had certain contractual obligations to Curiel pursuant to the terms of the Policy it sold to Curiel, including, but not limited to, a duty to defend Curiel from negligent acts that result in property damage.

38. The Policy was in full force and effect during the period of time that Curiel's negligent acts allegedly took place and during the same time that property

damage, including resultant property damage and loss of use, was alleged to have occurred.

39.     PCIC had a duty to abide by the Policy's terms and it had a duty to defend Curiel from the claims asserted in the Action.

40.     PCIC breached the Policy by failing and refusing to fulfill its contractual obligation to adequately investigate the claim, by refusing to provide insurance coverage and by refusing to defend Curiel.

41.     As a result of PCIC's failure to provide coverage or a defense for Wood's claims, Curiel has incurred damages, including the but not limited to the amount of the judgment entered against Curiel, costs, attorneys' fees, interest and emotional distress.

42.     Through the written assignment from Curiel to Wood, this claim is brought by Wood for all damages as suffered by Curiel due to PCIC's breach of contract.

## THIRD CAUSE OF ACTION
### Statutory Bad Faith (First Party)

43.     Wood incorporates herein all prior statements and allegations, as set forth in the paragraphs above.

44.     PCIC has certain statutory obligations under Montana Code Annotated §33-18-201(1, 4, 5, 6, 9 &13).  PCIC breach its obligations, in part, in the following ways:

        (1) by misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

        (2) by refusing to pay claims without conducting a reasonable investigation based upon all available information;

        (3) by neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

        (4) by compelling litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately due and or ultimately recovered in actions brought by or on behalf of the insured;

45. PCIC did not have a reasonable basis in law or in fact for denying coverage and the duty to defend Curial.

46. Curial was damaged by PCIC's breach of its statutory obligations in an amount to be proven at trial.

47. Through the written assignment of claims from Curiel, Wood hereby asserts a claim pursuant to Montana Code Annotated § 33-18-242, on Curiel's behalf, for all damages suffered by Curiel arising from PCIC's breach of its statutory obligations under Title 33, Chapter 18.

### FOURTH CAUSE OF ACTION
### Bad Faith (Third-Party Claimant)

48. Wood incorporates herein all prior statements and allegations, as set forth in the paragraphs above.

49. Under Montana law, PCIC's legal obligations include statutory obligations (under Montana Code Annotated § 33-18-202) to third-party claimants

and common law duties of good faith and fair dealing.

50.   PCIC breached its statutory and common law duties to Wood by, among other things:  denying her claim without conducting a reasonable or proper investigation and by refusing to pay her claim when liability was reasonably clear.

51.   PCIC did not have a reasonable basis in law or in fact for contesting Wood's claims.

52.   Because of the conduct of PCIC in handling Wood's claims against Curiel, Wood has suffered monetary damages and emotional distress in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION
## Punitive Damages

53.   Wood incorporates herein all prior statements and allegations, as set forth in the paragraphs above.

54.   Montana law permits an award of punitive damages for violations of unfair claims settlement practices by insurers, pursuant to Montana Code Annotated §§ 33-18-242(4) and 27-1-221.

55.   PCIC, in its handling of Wood's claims against Curiel, deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Curiel and/or Wood.

56.   PCIC deliberately proceeded to act with indifference to the high probability of injury to Curiel and/or Wood.

57. The actions of PCIC as described above were undertaken with actual malice.

58. The Court should set an example and punish PCIC for its wrongful conduct.

59. For the foregoing acts, PCIC is liable for punitive damages, pursuant to Montana Code Annotated §§ 33-18-242(4) and 27-1-221.

## PRAYER FOR RELIEF

WHEREFORE, Wood requests the following relief against PCIC:

A. For declaratory relief, pursuant to Montana Code Annotated § 27-8-202, finding that under the Policy, PCIC had a duty to defend Curiel from the claims asserted in the underlying Action,

B. On behalf of Curiel by assignment, for damages for breach of contract, in the amount of the underlying judgment against Curiel, including interest at the legal rate of 10% per annum, commencing from the date of the underlying judgment against Curiel;

C. On behalf of Curiel by assignment to Wood, for damages caused to Curiel by PCIC's violations of the Montana's statutory laws on unfair claims practices by insurers, pursuant to Montana Code Annotated § 33-18-242;

D. For damages caused to Wood by PCIC's violations of Montana common law and statutory law on unfair claims practices by insurers;

E. For prejudgment and post-judgment interest at the legal rate of 10%

per annum;

    F.    For an award of punitive damages, pursuant to Montana Code Annotated §§ 33-18-242(4) and 27-1-221.

    G.    For an award of costs and attorneys' fees as provided for under Montana law; and

    H.    For all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Wood hereby demands a trial by jury of all issues so triable.

DATED this 8th day of May, 2014.

        /s/  Randall J. Colbert
        Attorneys for Plaintiff

1566767    12